# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN GORMON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:09-CV-280 CAS |
| DAVID L. DOWD, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John Gormon for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff is a civil detainee at the Ste. Genevieve County Jail pursuant to the Missouri Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480 - 632.513 (the "Act"). Plaintiff brings this action for alleged violations of his constitutional rights. Named as defendants are David L. Dowd (Circuit Court Judge), Charles Birmingham (Assistant Attorney General), Theodore Bruce (same), Terry Gross (same), Michelle Monahan (Assistant Public Defender), Amy Clay (same), Michael Mitchell (Director, Missouri Sexual Offender Program), Mariann Atwell (Psychologist, Missouri Department of Corrections), Richard Gowdy (Psychologist, Missouri Department of Mental Health), Joseph Parks (Psychiatrist, MoDMH), Darrell Moore (Greene County Prosecuting Attorney), John DeVouton (Assistant St. Charles County Prosecuting Attorney), Bart Spear (DeKalb County Prosecuting Attorney), John Richards (Lincoln County Prosecuting Attorney), Mary Pat Benniger (Assistant St. Louis Prosecuting Attorney), Kimberly Weitl (Psychologist, MOSOP), Richard Scott (Psychologist),

Mindy Huddleston (Probation and Parole Officer, Moberly Correctional Center), Arnold Dement (CCW-I, MOSOP), Steve Zenning (CCW-II, MOSOP), Unknown Poelker (MOSOP staff member), Robin Avery (Parole Officer, Northeastern Correctional Center), Patricia L. Cohen (Chief Judge, Missouri Court of Appeals, Eastern District), Tabitha Rasnic (Deputy Clerk, Missouri Court of Appeals, Eastern District), Andrew Dickson (Assistant Attorney General), Millicent Wilson (Deputy Clerk, 22nd Circuit Court), Thomas Simon (Clerk, Missouri Supreme Court), and an unknown number of John Does. The complaint seeks monetary relief.

Plaintiff alleges that in 1977 he was convicted of statutory rape and kidnapping. Plaintiff's victim was a fifteen-year-old girl. Plaintiff claims that in 1986 he was charged with attempted forcible rape and kidnapping. The charges were later modified to attempted assault and felonious restraint; plaintiff pled guilty. Plaintiff's victim was a fourteen-year-old girl. Plaintiff alleges that in 2000 he was charged with first degree sexual misconduct; he was convicted in 2002 after a jury trial. Plaintiff's convictions have not been overturned or expunged through habeas corpus or any other means.[1]

Plaintiff alleges that on March 9, 2006, while plaintiff was incarcerated on the 2002 conviction, defendant Mitchell found that plaintiff appeared to meet the definition of "sexually violent predator" under the Act, and Mitchell provided written notice to the "multidisciplinary team." Plaintiff claims that defendant Weitl interviewed him on February 21, 2007. Plaintiff says that Weitl

---

[1] Plaintiff has attached a Memorandum and Order from his 1982 federal habeas case attacking the validity of his 1977 conviction. See Gormon v. Frey, 4:82CV422 (E.D. Mo.). Plaintiff believes that this Memorandum and Order somehow shows that his 1977 conviction was unlawful because he was innocent. It does not. The attached Memorandum and Order merely finds that plaintiff's petition contained both exhausted and unexhausted claims and that plaintiff was required to either dismiss his unexhausted claims or risk dismissal of the entire petition on procedural grounds.

diagnosed him as having "Paraphilia, Non-consent"[2] and "Antisocial Personality Disorder." Plaintiff states that Weitl presented her findings in an "End of Confinement Report."

Plaintiff claims that on April 9, 2007, defendants Atwell, Gowdy, and Parks, members of the multidisciplinary team, unanimously voted that plaintiff met the definition of sexually violent predator under the Act. Plaintiff alleges that on April 20, 2007, defendants Benniger, Richards, Spear, DeVouton, and Moore, members of the Prosecutor's Review Committee, unanimously voted that plaintiff met the definition of sexually violent predator.

Plaintiff claims that on May 15, 2007, defendant Birmingham commenced civil commitment proceedings against him in the case of In re Care and Treatment of Gorman, 0722-PR00522 (22nd Judicial Circuit). Plaintiff alleges that defendant Dowd is presiding over the proceedings and that Dowd found that probable cause was established for the proceedings.

Dowd appointed defendant Clay to represent plaintiff in the proceedings. Plaintiff refused counsel and requested to proceed pro se. Dowd has allowed plaintiff to proceed pro se with standby counsel.

Plaintiff alleges that in September 2007 he filed a motion to dismiss and motion for summary judgment, which contained several of the claims plaintiff is bringing in this case. Dowd denied the motions.

Plaintiff says that he attempted to take several interlocutory appeals from the denial of the motions, including an a notice of appeal directed to the Missouri Supreme Court. The appeals were dismissed on procedural grounds.

---

[2]Paraphilia is "[a] condition, in either men or women, of compulsive responsivity and obligatory dependence on an unusual or personally or socially unacceptable external stimulus or internal fantasy for sexual arousal or orgasm." Stedman's Medical Dictionary (27th ed. 2000).

Plaintiff alleges that he has shown the 1982 Memorandum and Order, mentioned above, to Dowd and to the prosecutor defendants. Plaintiff insists that the Memorandum and Order shows his innocence, and plaintiff claims that defendants are denying him due process of law because they have refused to terminate the proceedings against him.

**Discussion**

The allegations in the complaint are both frivolous and malicious. The complaint is legally frivolous because the allegations do not rise to the level of a constitutional violation. According to the factual allegations in the complaint, defendants have complied with the requirements of the Missouri Sexually Violent Predator Act. Defendants' actions, as described by plaintiff, appear to comply with the Act's procedural requirements. See Mo. Rev. Stat. §§ 632.483-632.489. And there appears to be probable cause to find that plaintiff meets the Act's definition of a sexually violent predator. See Mo. Rev. Stat. § 632.480(5). That is, he was previously convicted of statutory rape, and he has been found to suffer from a mental abnormality making him likely to engage in predatory acts of sexual violence. Id. Plaintiff's assertion that his right to due process of law has been violated is wholly conclusory. As a result, the complaint fails to state a claim upon which relief can be granted.

The complaint is also legally frivolous because this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).

Additionally, plaintiff's conclusions are not supported by reason. Plaintiff's insistence that the 1982 Memorandum and Order demonstrates his innocence is delusional. As a result, plaintiff's allegations are factually frivolous.

The complaint is legally frivolous as to defendants Dowd and Cohen because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

The complaint is legally frivolous as to defendants Birmingham, Bruce, Gross, Benniger, Richards, Spear, DeVouton, Moore, and Dickson because where "the prosecutor is acting as advocate for the state . . . the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

The complaint fails to state a claim upon which relief can be granted as to defendants Monahan and Clay because public defenders do not act under state law for the purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Finally, the nature of the complaint suggests that it is malicious. Plaintiff is simply attempting to harass every person who has had any involvement in his civil commitment proceedings by involving them in a federal lawsuit. As a result, the Court will dismiss the complaint with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   9th   day of March, 2009.